IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joshua Humpleby, | : | |
| | : | Case No. 1:22-cv-754 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order |
| Winnebago Industries, Inc., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion for Leave to File Motion under Seal and Plaintiff's Motion to Reopen Case. (Docs. 11, 12.) In this action, Plaintiff Joshua Humpleby sued Defendant Winnebago Industries, Inc. for breach of warranties in connection with the purchase of a recreational vehicle. (Doc. 3.) Less than four months after it was initiated, the parties settled the suit pursuant to a settlement agreement. (Docs. 8, 10.) On April 3, 2023, the Court issued an Order dismissing the case with prejudice and stating that "any of the parties may, upon good cause shown not later than July 3, 2023[,] reopen the action if the settlement is not consummated." (Doc. 10 at PageID 157.) Humpleby now moves to reopen the case, several months after July 3, 2023, asserting that he did not become aware until September 14, 2023 that "Defendant intended to breach the settlement agreement." (Doc. 12 at PageID 160.) He also moves to file under seal a motion to enforcement settlement agreement because it "contains references to confidential material as well as exhibits that reference confidential material or consist entirely of confidential material." (Doc. 11 at PageID 158.)

Although Winnebago Industries has not had an opportunity to respond, the Court will grant the Motion to Reopen. The Court explicitly "retain[ed] jurisdiction to enforce the

1

settlement agreement" in its April 3, 2023 Order.  (Doc. 10 at PageID 157.)  The Court does not know at this juncture the terms of the settlement agreement or how it purportedly was breached.  Reopening the case does not signal that the Court has reached any decision, even any tentative decision, as to the merits of Humpleby's allegations.

Turning to the Motion for Leave to File Motion under Seal, the Court will deny Humpleby leave at this time to file under seal its motion to enforce the settlement agreement.  A party moving to seal court records must overcome a significant burden: "[o]nly the most compelling reasons can justify the non-disclosure of judicial records."  *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  More specifically, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Id.* at 308 (cleaned up).  The movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id*. at 305–306 (citation omitted).  In ruling on a motion to seal, the Court "must set forth specific findings and conclusions 'which justify nondisclosure to the public.'"  *Id*. at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).  Where a party can show a compelling reason for sealing all or a portion of a document, "the seal itself must be narrowly tailored to serve that reason." *Id*. at 305.

Humpleby has asserted only that the motion and supporting exhibits will contain "confidential material."  (Doc. 11 at PageID 158.)  This is wholly insufficient under *Shane Group* to justify sealing, even in part, the proposed motion to enforce the settlement agreement.

The Court will allow Humpleby to refile its Motion for Leave to File Motion under Seal with more specific justifications for why the motion to enforce the settlement agreement should be filed under seal in whole or in part.

For the foregoing reasons, the Motion to Reopen (Doc. 12) is **GRANTED**, and the Motion for Leave to File Motion Under Seal (Doc. 11) is **DENIED WITHOUT PREJUDICE TO REFILING**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge